IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MILTON AL STEWART, ACTING SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR, <br><br> Petitioner, <br><br> v. <br><br> COMPASS RESOURCES, L.L.C., <br><br> Respondent. | Case No. 4:21-mc-9011 |

### SUGGESTIONS IN SUPPORT OF PETITION
### TO ENFORCE ADMINISTRATIVE SUBPOENA

Al Stewart, the Acting Secretary of Labor for the United States Department of Labor ("Secretary" or "Department"), submits the following Suggestions in Support of Petition to Enforce Administrative Subpoena.

### JURISDICTION AND VENUE

1.　This Petition is brought to compel Respondent Compass Resources, L.L.C. to comply with an administrative subpoena *duces tecum* issued by the Area Director of the Kansas City Office, Occupational Safety and Health Administration ("OSHA"), United States Department of Labor, on December 22, 2020 and served on December 30, 2020.

2　The subpoena was issued in the course of an investigation of Respondent's business, Compass Resources, L.L.C., which was conducted pursuant to the Occupational and Safety and Health Act of 1970 (the "OSH Act" or the "Act") (29 U.S.C. § 651 *et seq.*). The Department attempted to obtain Respondent's documents without resort to judicial enforcement, and provided Respondent with multiple extensions of time, but it repeatedly failed to produce documents on designated dates.

3. This Court has subject matter jurisdiction over this Petition pursuant to Section 8(b) of the Act, 29 U.S.C. § 657(b), which empowers any district court of the United States within the jurisdiction in which a witness is found, resides, or transacts business, in case of a witness's refusal to obey a subpoena, to issue an order requiring such person "to appear and produce evidence." The production of evidence sought pertains to an investigation taking place at a jobsite in Kansas City, Missouri where Respondent transacts business as general contractor of a redevelopment project and employs workers. The present matter arises from an investigation at 3115 Troost Avenue in Kansas City, Missouri, which is where the potential violations are believed to have occurred. The subpoena was served at the aforementioned jobsite, in-person, and it commands Respondent to appear and produce the evidence sought to the OSHA Area Office, 2300 Main Street, Suite 1020, Kansas City, Missouri.

4. This Court is the proper venue, as pursuant to 15 U.S.C. § 49 and 28 U.S.C. § 1391(b)(1), and upon information and belief, Respondent is a foreign limited liability company registered in Missouri and has a jobsite in Kansas City, Missouri. The production of evidence sought pertains to Respondent's business conducted in Jackson County, Missouri.

**STATUTORY AUTHORITY**

5. Section 8(a) of the Act, 29 U.S.C. §657(a), authorizes the Secretary to make inspections and investigations of establishments or areas where work is performed.

6. Section 8(b) of the Act, 29 U.S.C. §657(b), authorizes the Secretary, in making inspections and investigations, to require the attendance of witnesses and the production of evidence under oath. This authority has been delegated to the Regional Administrator for OSHA and the Area Directors for OSHA.

7. Further, section 8(b) of the Act authorizes the United States District Court, upon

petition by the Secretary, to issue an order requiring a person who has failed to respond to the Secretary's subpoena to produce evidence relating to the matter under investigation or in question. A failure to obey such order may be punished as contempt of court.

## FACTS OF INVESTIGATION AND SUBPOENA

8. On November 24, 2020, OSHA opened an inspection of Compass Resources, L.L.C., which had been working on a commercial redevelopment construction site located at 3115 Troost Avenue in Kansas City, Missouri. (Exhibit A, Declaration of Annastasia Tolley ("Ex. A"), at ¶¶ 3-4.[1])

9. During a visit to the 3115 Troost Avenue worksite on December 3, 2020, OSHA Compliance Safety and Health Officer ("CSHO") Annastasia Tolley observed a masonry worker without respiratory protection using a 55-gallon barrel to burn wood in order to keep the brick warm and dry. (Ex. A, ¶ 5). In the course of the investigation, CSHO Tolley also learned that employees had been warned of possible asbestos in the floor and ceiling tiles, but none of the workers were observed using respiratory protection. (Id.).

10. In the course of its investigation, OSHA determined that it needed to review documents pertaining to the project, including Respondent's safety and health programs, to determine whether any violations of OSHA standards or regulations occurred. (Ex. A, ¶ 6).

11. On December 30, 2020, CSHOs Tolley and Stein traveled to the jobsite and personally served a subpoena *duces tecum* to Respondent's Managing Member, Tim Bowman, in Kansas City, Missouri. (Ex. A, ¶ 7, and Exhibit 1 to Ex. A, subpoena *duces tecum*, and Exhibit 2 to Ex. A, return of service for subpoena).

12. A true and correct copy of the subpoena served on Respondent is attached to

---

[1] The Declaration of Annastasia Tolley is incorporated by reference as if fully set forth herein.

Exhibit A hereto as Exhibit 1. (Ex. A, ¶ 8, and Ex. 1 to Ex. A). A true and correct copy of the return of service for the subpoena is attached to Exhibit A hereto as Exhibit 2. (Ex. A, ¶ 8, and Ex. 2 to Ex. A).

13. Although OSHA initially requested the documents be produced by January 8, 2021, it offered to provide Respondent with additional time at the time of service and, in fact, provided Respondent with numerous extensions of time, the latest of them until January 22, 2021, to comply. (Ex. A, ¶ 7, 9-12, and Exhibits 3-6 to Ex. A).

14. To date, Respondent has failed to produce any documents in response to the subpoena. (Ex. A, ¶ 13).

## FACTUAL BASIS FOR ENFORCEMENT ORDER

15. The scope of the evidence sought by the Secretary in the subpoena is limited to documents that pertain to an ongoing OSHA investigation, and is necessary to complete the Secretary's investigation. (Ex. A, ¶ 6).

16. Respondent has failed, and continues to fail, to comply with the subpoena *duces tecum*. This failure has impeded OSHA's ability to conduct a lawful investigation. For example, OSHA would like to determine how many people Respondent employed and what, if any, safety policies were in place to protect these workers. Respondent's non-compliance with the subpoenas is preventing OSHA from obtaining even this basic information. (Ex. A, ¶¶ 6, 13).

17. The information sought from Respondent pursuant to the aforesaid subpoena *duces tecum* is essential, relevant and appropriate for a determination by OSHA as to whether the employees of Respondent have been exposed to unsafe working conditions at the jobsite located in Kansas City, Missouri. The evidence sought by the Secretary in the subpoena will assist the Secretary in determining whether violations of the Act and the standards promulgated pursuant

thereto existed. (Ex. A, ¶¶ 5-6).

18. The Respondent's refusal to respond constitutes disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful inspection and investigation by the Secretary. The Secretary, pursuant to Section 9(c) of the Act, 29 U.S.C. §658(c), has only six months following the occurrence of a violation to issue any citations and notifications of penalty for any alleged violations of the Act and occupational safety and health standards.

19. As a result of said conduct by Respondent, the Secretary has been hindered in the proper exercise of his lawful authority and responsibility to enforce and administer the Act.

## ARGUMENT

The OSH Act empowers this Court to enforce the Department's subpoena. 29 U.S.C. § 657(b). "The Secretary is not only authorized to conduct full-scale investigations to ensure compliance with OSHA, he is also authorized to conduct more limited preliminary investigations to determine if a company meets the criteria established for a programmed inspection; criteria which, if met, suggest that further investigation may reveal violations of OSHA law." Union Packing Co. of Omaha, 714 F.2d 838, 842 (8th Cir. 1983).

In United States v. Morton Salt Co., 338 U.S. 632 (1950), the Supreme Court provided factors that determine whether an administrative subpoena should be enforced. They are: "(1) the inquiry is within the authority of the agency, (2) the demand is not too indefinite, and (3) the information sought is reasonably relevant" to the authorized inquiry. Id. at 652; see also Donovan v. Union Packing Co., 714 F.2d 838 (8th Cir. 1983) (applying Morton Salt to OSHA subpoena). Once OSHA has made its threshold showing of these factors, the burden shifts to the respondent to show that judicial enforcement "would amount to an abuse of the court's process." EEOC v. Peat, Marwick, Mitchell & Co., 775 F.2d 928, 931 (8th Cir. 1985). An abuse of

5

Case 4:21-mc-09011-BP   Document 2   Filed 03/11/21   Page 5 of 10

process occurs when the administrative agency is acting for an improper purpose, such as to harass or pressure settlement in a collateral matter, or any other purpose that lacks good faith. U.S. v. Powell, 379 U.S. 48, 58 (1964).

### A. The Department's Inquiry is within its Authority.

The declared purpose of the Act is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions . . . ." 29 U.S.C. § 651(b). To ensure employers are maintaining such conditions, the Act empowers the Secretary to conduct inspections and investigations. As stated plainly in to Section 8(b), 29 U.S.C. § 657(b):

> In order to carry out the purposes of this chapter, the Secretary . . . is authorized (1) to enter without delay and at reasonable times any . . . construction site, or other area, workplace or environment where work is performed by an employee of an employer; and (2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

The Act also provides a mechanism for the Secretary to "require the attendance and . . . production of evidence under oath." Id. at § 657(b). Notably, there is no requirement that the Department attempt to procure the information in a less formal way – i.e., without a subpoena – before issuing a subpoena. See Martin v. Gard, 811 F. Supp. 616, 620, n.1 (D. Kan. 1993) ("Other than what can be interpreted from § 657(b), there are no other limitations in the Act on a Secretary's subpoena power.").

The plain language of Section 8 of the OSH Act gives the Secretary the authority to not only review working conditions at a company, but also to subpoena its documents. As such, the Secretary was within his authority to subpoena Respondent's documents pertaining to its business and its work sites.

### B. The Department's Demand Is Not Too Indefinite.

The Department's subpoena *duces tecum* obliged Respondent "to appear before Karena Lorek Area Director . . . . to produce the following books, papers, and documents, including information stored electronically: **SEE ATTACHMENT TO SUBPOENA** . . . ."  (See Ex. 1 to Ex. A). Attachment A to the subpoena contained a series of 65 specific requests for documents regarding the working conditions, employment status, and safety practices of Compass Resources, L.L.C. (See Ex. 1 to Ex. A). The requests are definite and time limited and many are limited in scope to Respondent's Missouri jobsite at 3115 Troost Avenue in Kansas City. Acosta v. Ross, No. 4:17-MC-9017-DGK, 2017 WL 5587527, at *2-3 (W.D. Mo. Nov. 20, 2017) ("Here, because the Department 'limits the scope of the inquiry by time and subject,' the subpoena is not too indefinite.") (quoting Gard, 811 F. Supp. at 621) ("[R]elevancy . . . is understood to be quite broad. If the material requested touches a matter under investigation, then relevancy is established.") (internal quotations omitted). Respondent has not made any objections related to definiteness or scope, nor has it sought clarification on the meaning of any of the subpoena's terms or requests. Thus, the limited scope and time of the subpoena work in favor of its enforcement.

### C. The Documents Sought by the Subpoena are Reasonably Relevant to the Secretary's Lawful Investigation

The Department's subpoena was issued during its investigation of the working conditions and safety practices at Respondent's Kansas City, Missouri jobsite. The standard for determining the relevance of a subpoena's requests "is not particularly burdensome," and indeed, "a subpoena should be enforced when the evidence sought by the subpoena is not plainly incompetent or irrelevant to any lawful purpose of the agency in the discharge of its duties." Ross, 2017 WL 5587527 at *2 (internal quotations omitted) (citing United States v. Whispering

7

Oaks Residential Care Facility, LLC, 673 F.3d 813, 818 (8th Cir. 2012) (information sought must be "reasonably relevant to the agency's investigation . . . . the question of an administrative subpoena's relevance is not a question of evidentiary relevance.")).

Here, the documents sought by the Department's subpoena are relevant to its investigation and thus satisfy the third criteria for enforcing the subpoena. See id. As long as information sought "may be" relevant to a legitimate purpose, the subpoena should be enforced. See id.; see also Gard, 811 F. Supp. at 621 (citing EEOC v. Elrod, 674 F.2d 601, 613 (7th Cir. 1982) (holding relevancy is established if the information requested "touches a matter under investigation")). The documents sought bear directly on the Secretary's decision to issue citations, to classify violations, and to propose the appropriate penalties. Thus, OSHA easily meets its burden concerning the relevance of Respondent's documents.

### D.  Respondent Cannot Show Enforcing the Subpoena Would Abuse This Court's Process.

Because the Department has made a threshold showing of the Morton Salt factors, the burden shifts to Respondent to show that judicial enforcement of the subpoena "would amount to an abuse of the court's process." See Peat, Marwick, Mitchell & Co., 775 F.3d at 931. Respondent faces a "heavy burden" to disprove the existence of a valid purpose for the Department's administrative subpoena. Whispering Oaks, 673 F.3d at 817. A court's process may be abused when the subpoena "had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58. Abuse of process "may not be based on the improper motives of an individual agency employee, but instead must be founded upon evidence that the agency itself, in an institutional sense, acted in

bad faith when it served the subpoena." Doe v. U.S., 253 F.3d 256, 272 (6th Cir. 2001) (citing U.S. v. LaSalle, 437 U.S. 298, 314-16 (1978)).

The subpoena at issue here was not served for an improper purpose, but rather as part of OSHA's legitimate and necessary investigatory activity. There is no evidence OSHA acted with an improper purpose. The Department did not act in bad faith in serving the subpoena, the subpoena requests reasonable information relevant to its investigation concerning compliance with OSHA regulations. Because Respondent cannot show enforcing the subpoena would be an abuse of process, this Court should rule in favor of enforcement.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein, the Secretary respectfully requests and prays that the Court:

a. enter an order requiring Respondents to appear on a date certain to show cause, if any there be, why they should not appear before the designated representatives of the Occupational Safety and Health Administration, at such reasonable time and place as the Petitioner or the Court may set, and then and there produce the records requested by the subpoena, and;

b. for such other and further relief as may be necessary and appropriate.

A proposed Order to Show Cause will be emailed to the courtroom deputy for the Judge assigned to this case.

Respectfully submitted,

Elena S. Goldstein
Deputy Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

9

/s/ Dana M. Hague
Dana M. Hague
Kansas Bar #21572
Attorney
2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7289
(816) 285-7287 (fax)
hague.dana.m@dol.gov

*U.S. Department of Labor*
*Attorneys for Petitioner*